**BOARD OF TRUMBULL COUNTY COMMISSIONERS et al., Appellees,**

v.

**CITY OF WARREN, Appellant.**

[Cite as *Trumbull Cty. Bd. of Commrs. v. Warren* (2001), 142 Ohio App.3d 599.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 2000–T–0079.

Decided April 27, 2001.

*Dennis Watkins,* Trumbull County Prosecuting Attorney, and *James M. Brutz,* Assistant Prosecuting Attorney, for appellee Trumbull County Board of Commissioners.

*Guarnieri & Secrest* and *Michael D. Rossi,* for appellee Howland Township Board of Trustees.

*James R. Ries,* Deputy Law Director of Warren, for appellant.

CHRISTLEY, Judge.

This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, the city of Warren, appeals from a final judgment of the Trumbull County Court of Common Pleas granting appellees, the Trumbull County Board of Commissioners and the Howland Township Board of Trustees, declaratory relief.

The following facts are relevant to this appeal. On January 26, 1994, the city revised Codified Ordinance 923.08 of the city of Warren, which governed the extension of sanitary sewer service to properties beyond the city's corporate limits. In particular, subsection (b) provided in pertinent part:

"The sanitary sewage system of the City of Warren shall not be extended to any unincorporated lot, parcel, or piece of real property not adjacent to the corporate limits of the City of Warren and not already serviced by that system *(except where otherwise provided by a contract relative to an established sewer district, or except where otherwise required )* unless and until each and every fee owner of said lot, parcel or piece of property agrees, in writing with the City, that such lot, parcel or piece of real property shall be completely annexed to the City of Warren within one (1) year from the date said lot, parcel, or piece of real property first becomes adjacent to the corporate limits of the City." (Emphasis added.)

On November 21, 1994, the commissioners entered into a written contract with the city pursuant to R.C. 6117.41 providing for the joint construction and use of sanitary sewers and sanitary sewage treatment and disposal facilities in a designated service area in Howland Township. According to certain terms in the contract, sanitary sewer connections would "be made in accordance with, and subject to, the ordinances (including sewer use ordinances), rules and regula-

tions" promulgated by appellant. However, the November 21, 1994 contract failed to mention Warren Codified Ordinances 923.08 and did not contain any language conditioning service on annexation.

In time, a dispute arose between the city and a property owner located in the service area over whether Warren Codified Ordinances 923.08 required the property owner to annex its property to the city as a condition for extending sanitary sewer service. As a result, the commissioners and the trustees filed a declaratory judgment action with the Trumbull County Court of Common Pleas.

The trial court issued a decision on July 9, 1998 finding that the annexation requirement in Warren Codified Ordinances 923.08 did not apply to the property owner because the language of the ordinance clearly provided an exception exempting the property owner from the requirement, *i.e.,* "except where otherwise provided by a contract relative to an established sewer district, or except where otherwise required." The court felt that this exception was applicable because the agreement between the city and the commissioners was "a contract relative to an established sewer district." According to the trial court, "[t]he very fact that the city included the phrase in the ordinance evidence[d] a clear and unmistakable intention to distinguish between those properties covered by sewer district contracts and those which [were] not." No appeal was taken from this judgment.

Approximately two months later, the city adopted an ordinance repealing and reenacting Warren Codified Ordinances 923.08 without the previously noted exception. On October 21, 1998, the commissioners and the trustees filed another complaint against the city, once again seeking declaratory relief. In their complaint, they alleged that a property owner in the service area, Schaeffer Equipment, Inc. ("Schaeffer"), wanted to use the city's sewage treatment plant and disposal facilities to accept, treat, and dispose of its anticipated sewage and acceptable wastes in accordance with the contract between the commissioners and the city. However, the city had refused to extend sewage services without Schaeffer first agreeing to annex its property. As a result, the commissioners and the trustees asked the trial court to find that amended Warren Codified Ordinance No. 923.08 did not apply to the parties' contract because the contract had been entered into prior to the amended ordinance's effective date, and if it were to be applied, the amended ordinance would constitute a retroactive application of the law in violation of the Ohio Constitution.

Written arguments were filed in support of the positions of the parties. After considering these arguments, the trial court issued a judgment entry on May 10, 2000, granting the commissioners and the trustees declaratory relief. In doing so, the court concluded that while the amended ordinance may be valid on its face, applying it as suggested in the instant matter would "substantially impair" the

express terms of the parties' contract and would also result in an unconstitutional retroactive application of amended Warren Codified Ordinances 923.08.

From this judgment, the city filed a timely notice of appeal with this court. It now asserts the following assignments of error for our consideration:

"[1] The trial court erred in declaring that current Codified Ordinance Section 923.08 is not effective as to the Agreement, or the properties covered by the Agreement, because current Codified Ordinance Section 923.08, at least as it applies to the Agreement, is a 'retroactive' ordinance prohibited by Article II, Section 28 of the Ohio Constitution.

"[2] The trial court erred in declaring that current Codified Ordinance Section 923.08 is not effective as to the Agreement, or the properties covered by the Agreement, because current Codified Ordinance Section 923.08, at least as it applies to the Agreement, is in conflict with the 'contracts clause' of Article II, Section 28 of the Ohio Constitution."

Because we find that the city's second assignment of error dispositive, we will consider it first. In its second assignment of error, the city claims that the trial court erred in declaring that amended Warren Codified Ordinance 923.08 conflicts with the Contracts Clause of Section 28, Article II of the Ohio Constitution. The city argues that even if the amended ordinance impairs the contract between the commissioners and itself, there is nothing in the record suggesting that the impairment is substantial.

Section 28, Article II of the Ohio Constitution forbids the passage of any law that impairs "the obligation of contracts." In construing a similar provision in the United States Constitution, the Ohio Supreme Court has noted that " '[a]lthough the Contract Clause appears literally to proscribe "any" impairment, * * * "the prohibition is not an absolute one and is not to be read with literal exactness like a mathematical formula." ' " *Middletown v. Ferguson* (1986), 25 Ohio St.3d 71, 77, 25 OBR 125, 130, 495 N.E.2d 380, 386, quoting *United States Trust Co. v. New Jersey* (1977), 431 U.S. 1, 21, 97 S.Ct. 1505, 1517, 52 L.Ed.2d 92, 109, quoting *Home Bldg. & Loan Assn. v. Blaisdell* (1934), 290 U.S. 398, 428, 54 S.Ct. 231, 236, 78 L.Ed. 413, 423.

Rather, a court must first ascertain whether the law " 'operated as a *substantial* impairment of a contractual relationship.' " (Emphasis *sic.*) *Ferguson* at 77, 25 OBR at 130, 495 N.E.2d at 386, quoting *Allied Structural Steel Co. v. Spannaus* (1978), 438 U.S. 234, 244, 98 S.Ct. 2716, 2722, 57 L.Ed.2d 727, 736. See, also, *State ex rel. Horvath v. State Teachers Retirement Bd.* (1998), 83 Ohio St.3d 67, 76, 697 N.E.2d 644, 653–654. This inquiry has three distinct components: (1) whether there is a contractual relationship, (2) whether a change in the law

impairs that contractual relationship, and (3) whether the impairment is substantial. *Horvath* at 76, 697 N.E.2d at 653–654.

Here, no one disputes that the city and the commissioners have a contractual relationship. The contract that they entered into on November 21, 1994, provided for the joint construction and use of sanitary sewers and sanitary sewage treatment and disposal facilities in a designated service area in Howland Township so that sewage and waste could flow from the service area to the city's treatment plant. Both parties also concede that the contract is governed by the ordinances, rules, and regulations validly enacted by the city.

In addition, neither party seriously contends that the operation of amended Warren Codified Ordinances 923.08 does not impair the contract. Instead, the city maintains that any alleged impairment is not substantial because Schaeffer never made an effort to receive sewage service prior to the time that the ordinance was amended.

The city's position misses the crux of the problem. This case is not about a contract between the city and Schaeffer; rather, it is about the contract entered into by the city and the commissioners on November 21, 1994. When looking at this contract, it is obvious that the commissioners expected to receive sewage service for those people living in the designated service area in accordance with the law at the time that the contract was completed. At that time, those laws allowed for the receiving of sewage service without annexation.

To now allow the city to condition sewage service on annexation would certainly frustrate the contract's purpose and substantially impair its express terms. Therefore, the trial court was correct in declaring that amended Warren Codified Ordinances 923.08 violated the Ohio Constitution's prohibition of interfering with the "obligation of contracts." See *Aetna Life Ins. Co. v. Schilling* (1993), 67 Ohio St.3d 164, 168, 616 N.E.2d 893, 896, quoting *Goodale v. Fennell* (1875), 27 Ohio St. 426, 432, 1875 WL 189 (" 'Any change which impairs the rights of either party, or amounts to a denial or obstruction of the rights accruing by a contract, is obnoxious to [Section 28, Article II].' "). Appellant's second assignment of error is without merit.

Our disposition of the city's second assignment of error renders any analysis with respect the first assignment moot. Even if we were to determine that the city was correct, the city has failed to demonstrate how it was prejudiced by the trial court's finding that applying amended Warren Codified Ordinances 923.08 in the instant matter would violate the prohibition against retroactive laws. Put another way, even if the trial court were wrong, its judgment would still be

affirmed because the application of Warren Codified Ordinances 923.08 violates the Contracts Clause of the Ohio Constitution.

Based on the foregoing analysis, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WILLIAM M. O'NEILL, P.J., and GRENDELL, J., concur.